**GEORGE H. H. KNIGHT, Plaintiff**

v.

**ANNA W. KNIGHT, Defendant**

Civil No. 74-708

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 9, 1976

170

BORNN, McLAUGHLIN & FINUCAN (EDITH L. BORNN, ESQ.), *for plaintiff*

GRUNERT, STOUT, HYMES & MAYER (JAMES L. HYMES, III, ESQ.), *for defendant*

HOFFMAN, *Judge*

### OPINION AND ORDER

This matter is before the Court without oral argument or testimony pursuant to the Order of this Court dated June 25, 1976.

Findings of Fact, Conclusions of Law and a Decree based thereon were entered in this case on August 12, 1975. All matters of alimony and the division of property were resolved by the stipulation and agreement of the parties. The question now arises: what exactly was the agreement of the parties?

At issue now in particular are the provisions that relate to the formula to be used to compute the cash settlement to be paid by plaintiff to defendant as an adjustment of the division of the parties' real property interests. Three "versions" of the agreed to formula exist.

The first "version" of the formula was read into the record by plaintiff's counsel at the trial of this matter on April 21, 1976, in the presence of both parties and with defendant's counsel's assent:

"[T]he parties will pool these valuations [of the Cruz Bay and Yonkers Bronxville properties] and defendant will convey to plaintiff, quitclaim her interest in the Cruz Bay lots to the plaintiff, and plaintiff will convey his interest in the Yonkers Bronxville property to defendant. That is the total valuation. That the total value of the Bronxville property will be subtracted from the total value of the two properties, and it will be subtracted from one-half the total value of the two properties, so that the difference suspected to be remaining will be paid to Mrs. Knight, the defendant, by the plaintiff over a period of ten years . . . ."

The second version of the formula appears in a written stipulation signed by both parties and their counsel and dated April 23, 1975. The pertinent language is contained in Paragraph 1(E) of the stipulation and reads as follows:

"It is agreed that in order to ascertain the cash settlement figure due Defendant that the total appraised value of the Yonkers and Cruz Bay properties will be divided in half and from said sum one-half of the total valuation of the Yonkers property will be deducted and that the difference, if any, shall constitute the cash settlement

172

on the respective property interests of the parties which shall be due to Defendant from Plaintiff."

The third version of the formula appears in the proposed Decree which was initialled by counsel for both parties, filed with the Court on August 12, 1975 and entered by the Court without amendment on August 12, 1975. The pertinent language is contained in Paragraph 6 of the Decree and reads as follows:

"That Plaintiff shall pay to the Defendant a sum equal to one-half the difference in the appraised market value of their respective interests in the real estate in St. John, Virgin Islands, and in Yonkers, New York; that the said settlement sum shall be payable in cash forthwith or over a period of ten (10) years secured by a Second Priority Mortgage on Parcel 86 Cruz Bay, subject to the conditions and terms of the Agreement of the parties filed with this Court and herein incorporated in full in this Decree; . . . ."

For purposes of this Opinion in order to illustrate the different results of the three versions of the formula, the Court accepts the valuation of the Cruz Bay property at $97,500.00 and that of the Yonkers property at $55,000.00. Using such figures the formula of the oral stipulation of April 21, 1975, yields a cash settlement of $21,250.00, the identical result reached by applying the formula used in the August 12, 1975, Decree. The formula used is the written stipulation of April 23, 1975, yields a cash settlement figure of $48,750.00.

Initially, the Court finds that either of the two possible cash settlement figures could be an equitable resolution of the parties' interests. The formulae yielding the $21,250.00 figure could represent an even division of the parties' real property interests only. The formula yielding the $48,750.00 figure could be, as defendant asserts it to be in her Affidavit dated June 28, 1976, a settlement of a number of defendant's claims against plaintiff. Therefore, I find that all of the three formulae

are plausible under the circumstances. The Court does not find and cannot find that if the division of the parties' interests had been left to the Court that it would have reached a result closer to one figure than the other. Evidence of the parties' property interests was never presented to the Court and the Decree was to resolve these matters solely on the basis of the agreement of the parties. The Court must now decide what was the agreement of the parties.

—II—

It is an anomaly that attorneys, whose very business and frequent preoccupation it is to advise laymen to make their agreements and legal acts in the prescribed form, should make and rely upon the loosest arrangements with their professional brethren while representing important causes of their clients. Annotation, 7 A.L.R.3d 1394 at 1399.

██ The Court finds that the written stipulation signed by the parties and their counsel and dated April 23, 1975, best reflects the agreement of the parties and that the Decree dated August 12, 1975, should be amended to accurately reflect this agreement. The Court finds in favor of the written stipulation not only as a matter of its being the best evidence, but also as reflecting the better policy. As a matter of evidence, the written stipulation should be favored as the embodiment of the final agreement of the parties. This is especially true in light of the small difference of language involved here. As a matter of policy the written stipulation should likewise be favored. Such a policy not only encourages the gravity and finality of appending one's signature to a written agreement, but also obviates the necessity of the Court's examining the credibility of both attorneys and their clients.

 In the instant case the Court specifically required that the parties and their attorneys reduce the agreement to writing and sign same. This is certainly another strong

174

reason for favoring the written stipulation as controlling. The fact that the Court inadvertently erred in signing the Decree dated August 12, 1975, should not prevent correcting the Decree at this time.

An Amended Decree, Findings of Fact and Conclusions of Law shall enter accordingly.

## AMENDED DECREE

This Amended Decree is entered in accordance with the Opinion and Order in this matter dated July 9, 1976.

This matter having come on to be heard on the 21st day of April 1975, and the Plaintiff having appeared in person and by his attorneys, BORNN, McLAUGHLIN & FINUCAN (Edith L. Bornn, Esq., of Counsel), and the Defendant having appeared in person and by her attorneys, GRUNERT, STOUT, HYMES & MAYER (James L. Hymes, III, Esq., of Counsel), and the Court having jurisdiction of the parties and of the cause of action, and after hearing the parties testify under oath, and considering all of the evidence and having made its Findings and Conclusions, the premises considered, Now Therefore, it is hereby:

## ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff and Defendant are each granted a decree of absolute divorce against the other dissolving forever the bond of matrimony heretofore existing between the parties which was entered into on September 28, 1928, in Mamaroneck, New York.

2. That Defendant, having waived alimony, shall be forever barred therefrom;

3. That in accordance with the agreement of the parties Plaintiff and Defendant shall convey their joint title to the property known and described as Parcels Nos. 258, 259, and 260 Estate Contant and Enighed, St. John, Virgin

Islands, to their son, DAVID W. KNIGHT; that Plaintiff shall be responsible for the payment of the legal fees and stamp tax involved in said conveyance;

4. That Plaintiff shall forthwith quitclaim to Defendant all of his interest in and to the property jointly owned by the parties known and described as 64 Montana Avenue and 72 Montana Avenue, Yonkers, New York. In the event Plaintiff fails to execute a quitclaim deed to Defendant within ten (10) days conveying his interest in said property in accordance with the order of this Court, the Clerk of the Court is hereby authorized to execute such a deed of conveyance on behalf of the Plaintiff;

5. That Defendant shall forthwith quitclaim to Plaintiff all of her interest in and to Parcels 86 and 86A Cruz Bay Town, Estate Cruz Bay, St. John, U.S. Virgin Islands. In the event Defendant fails to execute a quitclaim deed to Plaintiff within ten (10) days conveying her interest in Parcels 86 and 86A Cruz Bay Town, Estate Cruz Bay, St. John, U.S. Virgin Islands, in accordance with the order of this Court, the Clerk of the Court is hereby authorized to execute such a deed of conveyance on behalf of the Defendant;

6. That Plaintiff shall pay to the Defendant a sum equal to one half the total appraised value of their respective interests in the real estate in St. John, Virgin Islands and in Yonkers, New York, minus one half of the appraised value of the Yonkers property;

7. That Plaintiff shall be responsible for the appraisal, legal fees and stamp tax incurred in connection with transfer of title to the real property in New York;

8. That Plaintiff shall be responsible for the payment of insurance and real estate taxes on the Yonkers property of Defendant until such time as Plaintiff pays off in full the balance of the cash settlement herein ordered; that

176

thereafter Defendant shall be responsible for all carrying charges on the premises;

9. That Plaintiff shall maintain Defendant as the irrevocable beneficiary on Equitable Life Insurance policies Nos. 3170509 (G219494) and 8529054, it having been made known to Defendant that Plaintiff has borrowed against one policy and is in no position to repay said loan, and that he is under no obligation to repay the loan;

10. That Plaintiff shall be responsible to pay to Defendant the sum of $1,000.00 on account of Defendant's legal fees and costs, of which Plaintiff has already paid the sum of $500.00 and the balance of $500.00 shall be paid by Plaintiff promptly on receipt of the 1974 tax refund of the parties in accordance with the agreement of the parties.

It is so ordered.

### AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

These Amended Findings of Fact and Conclusions of Law are entered in accordance with the Opinion and Order in this matter dated July 9, 1976.

This matter having come on to be heard on the 23rd day of April, 1975, and the Plaintiff having appeared in person and by his attorneys, BORNN, McLAUGHLIN & FINU-CAN (Edith L. Bornn, Esq., of Counsel), and the Defendant having appeared in person and by her attorneys, GRUNERT, STOUT, HYMES & MAYER (James L. Hymes, III, Esq.), and the Court having jurisdiction of the parties and of the cause of action, and after hearing the parties testify under oath and considering all of the evidence submitted and after due deliberation thereon, the Court finds as follows:

### FINDINGS OF FACT

1. That the Plaintiff is and has been a resident and domiciliary of this District for more than six (6) weeks

prior to the commencement of this action;

2. That the parties were married on September 28, 1928 in Mamaroneck, New York, and the only child born to the parties is now an adult;

3. That there has been a breakdown of the marital relationship between the parties due to the inability of the parties to agree on the manner in which they wish to live, as evidenced by the fact they have lived separate and apart since July 1, 1965, leading to the situation where the legitimate objects of the marriage have been destroyed and there are no reasonable prospects that the marriage can be preserved;

4. That the parties jointly own real property both in the State of New York and in St. John, Virgin Islands; that the parties have entered into a written Stipulation dated April 23, 1976, by the terms of which they resolved matters relating to alimony and division of property; that the parties testified as to the terms of the Stipulation in open Court and a copy thereof has been filed with this Court and a copy of which is appended hereto as Exhibit A.

5. That the Defendant waived any claim to alimony.

From the foregoing Findings of Fact, the Court concludes:

### CONCLUSIONS OF LAW

1. That the Court has jurisdiction of the parties and the subject matter of this cause.

2. That the Plaintiff and the Defendant are each entitled to a Decree of absolute divorce.

3. That the written stipulation entered into between the parties and dated April 23, 1976, should be incorporated in full in the Decree of this Court.

4. That Defendant, having waived alimony, should be forever barred therefrom.

178

## STIPULATION

The parties, in the presence of their respective counsel, after lengthy discussion reached agreement on all matters relating to alimony, support and property settlement, which agreement was stipulated to in open court and acknowledged by the parties and their counsel, and now the parties do hereby set forth said stipulation in writing as follows:

1. That the parties acquired during their marriage real property in Yonkers, New York, and Cruz Bay, St. John, Virgin Islands; that they each recognize the other as having a half interest in all of the real property so acquired.

(A) That both parties hereto will forthwith convey title to that certain commercial property located in Cruz Bay, St. John, Virgin Islands, known and described as Parcels Nos. 258, 259 and 260 Estate Contant and Enighed, St. John, Virgin Islands. That the legal fees and stamp tax involved in said conveyance will be borne by Plaintiff.

(B) That the Plaintiff will relinquish by quitclaim deed all of his interest in and to the Yonkers property, which constitutes the former marital home of the parties, to the Defendant; said property being known and described as Lot No. 1, at No. 64 Montana Avenue, in the City of Yonkers, New York, or otherwise known as 69 Eton Road, Bronxville, New York, and Lot 30, No. 72 Montana Avenue, in the City of Yonkers, New York.

(C) That Defendant will quitclaim, subject to mortgage, to the Plaintiff, all of her interest in and to Parcels Nos. 86 and 86A Cruz Bay (formerly 3B Cruz Bay) St. John, V.I., on which property is located the home of Plaintiff plus a duplex rental unit, and all of which is mortgaged to the Chase Manhattan Bank.

(D) That the exchange of quitclaim deeds shall take place after there have been appraisals on both the Yonkers property and the Cruz Bay property; that the Defendant shall be responsible for obtaining and paying for the appraisal on the improved and unimproved lots in Yonkers; that the Plaintiff shall be responsible for obtaining and paying for the appraisal of the Cruz Bay property; that both parties will secure reputable appraisers to perform these services and will endeavor to have appraisals in the hands of each other's attorneys by May 16, 1975.

(E) It is agreed that in order to ascertain the cash settlement figure due Defendant that the total appraised value of the Yonkers and Cruz Bay properties will be divided in half and from said sum one-half of the total valuation of the Yonkers property will be deducted and that the difference, if any, shall constitute the cash settlement on the respective property interests of the parties which shall be due to Defendant from Plaintiff.

(F) That the difference or balance due Defendant by the above formula shall be payable by Plaintiff to Defendant over a period of ten (10) years, and that to secure the payment of said sum Defendant shall have a lien on Parcel No. 86 Cruz Bay, which she agrees to subrogate to any mortgage obtained for the improvement of the Cruz Bay property, not to exceed the sum of $50,000. It is further agreed that Plaintiff may make installment payments against said sum to Defendant from time to time and that should he pay the full balance due within a period of five (5) years there will be no interest due to Defendant, but that should the indebtedness exist beyond the 5-year period, then there shall be a 5% per annum interest accumulated from that date on the outstanding balance until paid in full.

(G) That Plaintiff shall continue to be responsible for the insurance and real estate taxes on the Yonkers property until such time as Plaintiff pays off in full the balance of the cash settlement herein agreed to. That thereafter Defendant shall be responsible for all carrying charges on the premises.

(H) That the parties will exchange quitclaim deeds within twenty (20) days of the submission of the appraisals on the properties, and should either or both parties fail to do so the Court may order that the Clerk of the District Court execute quitclaim deeds as necessary and in accordance with this agreement.

(I) That Defendant shall continue to have the right to occupy the premises at 69 Eton Road, Bronxville, New York, and Plaintiff shall have the right to continue to occupy the premises at Nos. 86 and 86A Cruz Bay.

2. That Plaintiff shall maintain Defendant as the irrevocable beneficiary on Equitable Life Insurance policies Nos. 3170509 (G219494) and 8529054, it having been made known however to Defendant that Plaintiff has borrowed against one policy and is in no position to repay said loan, and that he shall be under no obligation to repay the loan.

3. That Defendant waives any claim she may have to alimony from the Plaintiff, recognizing that in so doing she shall be barred from any future claim to alimony.

4. That Plaintiff will pay to Defendant the sum of $1,000.00 on account of Defendant's legal fees, and the cost of defending the within action, including her transportation and accommodations; that Plaintiff shall pay $500.00 on account of said sum by May 31, 1975, and the remaining $500.00 shall be payable out of the tax refund due the Plaintiff, whenever such refund is received; that Defendant acknowledges that the full tax refund on their 1974 tax

return statement of the parties is due to Plaintiff and shall be his solely, and if necessary Defendant agrees to sign over to Plaintiff any check to their joint order for said refund.